Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
111 Broadway, Suite 901
New York, N.Y. 10006
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

G.T. individually and on behalf of his child
C.T. a minor,

**COMPLAINT**

Plaintiffs,

- against –

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

------------------------------------------X

Plaintiffs, G.T. individually and on behalf of his child C.T., a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

FIRST: Plaintiffs child is a minor child with learning disabilities, and at all relevant times plaintiffs reside within New York City, who are

1

entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

SECOND: At all relevant times, all plaintiffs have resided and continue to reside within the County of New York.

THIRD: Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities in camera.

FOURTH: Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

FIFTH: This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows a trial on behalf of the plaintiffs that resulted in an Impartial Hearing Officer's ("IHO") decision, on the merits, in plaintiffs' favor.

SIXTH: This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying administrative proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

SEVENTH: This court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

EIGHTH: Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

3

NINTH: On or about August 5, 2015 plaintiffs, G.T. individually and on behalf of his child C.T., a minor, initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide K.F. with a FAPE for the 2014-2015 school year. Plaintiffs sought tuition reimbursement, in connection with N.G.'s placement at the Windward School ("Windward".

TENTH: Following a one-day trial, in a 11-page "Findings of Fact and Decision" dated December 3, 2015 Impartial Hearing Officer Lana Flame, Esq. issued an Order, Case No. 156742, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

a)   Defendant, DOE conceded prong I, admitting failure to order a Free Appropriate Public Education ("FAPE") to the student.

b)   Plaintiffs satisfied Prong 2 by demonstrating that the West End Day School, at all relevant times, was an appropriate program and placement for C.T. for the 2014-15 school year. Plaintiff's also prevailed and won reimbursement of their privately obtained neuropsychological evaluation.

4

c)   Prong 3, also known as the "equities," favored plaintiffs.

ELEVENTH: The hearing officer's February 4, 2015 Decision directs defendant to reimburse plaintiffs for the tuition paid to Windward for the 2014-15 school year.

TWELFTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $17,396.00.

FOURTEENTH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

## PROCEDURAL REQUIREMENTS

FIFTEENTH: Plaintiffs repeat, reiterate and reaffirm each every allegation set forth above as if fully set forth herein.

SIXTEENTH: Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

SEVENTEENTH: This action on behalf of all plaintiffs is timely brought based on the applicable three-year statute of limitations.

EIGHTEENTH: As a consequence of the favorable, un-appealed administrative decisions, all plaintiffs qualify as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

NINETEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

**RELIEF REQUESTED**

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the administrative proceeding in an amount not less than $17,396.00,(c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of

6

approximately $2,500.00; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
        December 3, 2018

                        Respectfully submitted,

                        Irina Roller/S

                        _____
                        Irina Roller (IR 0177)
                        Law Offices of Irina Roller, PLLC
                        Attorney for Plaintiffs
                        61 Broadway, Suite 1020
                        New York, N.Y. 10006
                        (212) 688-1100
                        Email: Hearings@RollerEsq.com