**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

G.T., *individually and on behalf of his child C.T. a minor*,

                             Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION AND ORDER

18 Civ. 11262 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

On August 5, 2015, Plaintiff G.T., individually and on behalf of his minor child C.T., commenced an administrative due process proceeding against Defendant New York City Department of Education for reimbursement for C.T.'s tuition for the 2014–15 school year and a privately obtained neuropsychological evaluation pursuant to the Individuals with Disabilities Education Act. (Compl., ECF No. 5, ¶¶ 9–10.) On December 3, 2015, following a one-day trial, Impartial Hearing Officer Lana S. Flame issued her Findings of Fact and Decision, holding that C.T.'s parents were entitled to reimbursement for C.T.'s tuition and the neuropsychological evaluation. (*Id.* ¶ 10; Decl. of Irina Roller, Ex. D (Dec. 3, 2015 Findings of Fact and Decision), ECF No. 20-4, at 10.) On December 26, 2018, Plaintiff brought this action for an award of attorneys' fees and costs, pursuant to IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3), as incurred in connection with the administrative proceeding and in this action. (Pl.'s Notice of Mot. for Att'y's Fees and Costs, ECF No. 19.)

Before this Court is Magistrate Judge Barbara Moses' February 12, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion for attorneys' fees and

costs be granted in part.[1] (Report, ECF No. 38, at 1.) Magistrate Judge Moses advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 22.) Defendant filed timely objections. (Mem. of Law in Supp. of Def.'s Objs. to Mag. J. Barbara Moses' R. & R. ("Def.'s Objs."), ECF No. 45.) Plaintiff filed responses to such objections. (Pl.'s Resp. to Def.'s Objs. to the R. & R. of Mag. J. Barbara Moses dated Feb. 12, 2020, ECF No. 48.)

Having reviewed Magistrate Judge Moses's Report, as well as Defendant's objections and Plaintiff's responses, this Court ADOPTS the Report in full and overrules Defendant's objections. Accordingly, Plaintiff's motion for attorneys' fees and costs is GRANTED in the recommended amounts.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFF'S ATTORNEYS' FEES AND COSTS

Defendant objects to Magistrate Judge Moses's recommendations by principally arguing that the hourly rates recommended for Plaintiff's attorney, Irina Roller, and her paralegal, Maria Mandilas, are unreasonable. Defendant also contends that Plaintiff is being unjustly rewarded for an unreasonable delay in pursuing fees. (See Def. Objs at 3–20.) However, Defendant's objections merely reiterate the arguments already made to Judge Moses, warranting clear error review. This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, this Court adopts Magistrate Judge Moses' recommended attorneys' fees and costs for the reasons stated in the thoughtful and accurate Report.

## III. CONCLUSION

Magistrate Judge Moses' Report is ADOPTED. Defendant is ordered to pay Plaintiff a total of $18,731.70 in attorneys' fees and related costs, consisting of $12,612.50 for fees incurred in the underlying administrative proceeding, $5,860 for fees incurred in this action, and $259.20 in costs.

Dated: New York, New York
      March 30, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3